# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| ISAIAH WHEELER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:11-CV-263 |
| | ) |
| CORI BAIR, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Isaiah Wheeler, Jr., a *pro se* plaintiff who was incarcerated at the time he initiated this action, filed a complaint under 42 U.S.C. § 1983 (DE #1). For the reasons set forth below, the Court: (1) **GRANTS** Plaintiff leave to proceed against Officer Cori Bair in his individual capacity for compensatory damages for using excessive force in effectuating his arrest in violation of the Fourth Amendment; (2) **DISMISSES** all other claims; (3) **DISMISSES** Officer Blake Paturalski and the South Bend Police Department; (4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Officer Cori Bair; and (5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Cori Bair to respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which Plaintiff has been granted leave to proceed in this screening order.

BACKGROUND

Isaiah Wheeler, Jr., filed this action on June 27, 2011, while he was incarcerated at Branchville Correctional Facility. (DE #1.) He has since been released from prison. (*See* DE #6.) In his complaint, Wheeler alleges that two officers from the South Bend Police Department, Cori Bair and Blake Paturalski, used excessive force in effectuating his arrest.

According to the complaint, Wheeler was at his residence located at 926 N. Adams Street in South Bend on the evening of June 24, 2010, having a social gathering with his girlfriend and various family members. Officer Bair arrived and spoke with Wheeler's girlfriend outside the front door, telling her that the group was being too loud. Wheeler claims Officer Bair then got into a verbal altercation with several of his female family members, telling them, "Shut the fuck up you bitches, I run this motherfucker!" (DE #1 at 3.) He then threatened to tow their cars if they continued to "play games." (*Id.*)

The group exchanged further words and Officer Bair, who was still standing outside the front door, allegedly called another female at the gathering a "bitch." (*Id.*) Wheeler claims that he then went over to Officer Bair and asked, "who he was calling a bitch?" (*Id.*) At that point, Officer Bair allegedly "barged in the door" and grabbed Wheeler by the neck, trying to rip his shirt off. Officer Paturalski also entered the home and both officers

2

proceeded to handcuff Wheeler and physically remove him from the home. Wheeler claims that as the officers were taking him out, Officer Bair began shocking him in the neck with a tazer gun, and continued to do so as he was lying on the ground, even though he was not resisting.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In other words, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the

3

law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Under the Fourth Amendment, an officer's right to arrest an individual includes the right to use some degree of physical force, but the use of force must be objectively reasonable in light of the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (quotation marks and citations omitted). Factors to consider include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was resisting arrest or attempting to evade arrest by flight. *Id.*

Here, giving Wheeler the inferences to which he is entitled at this stage, he has alleged an excessive force claim against Officer Bair. Specifically, he alleges that he was arrested not for any type of violent criminal offense, but for making a comment to Officer Bair after the officer used obscenities toward his family

4

members. He further alleges that Officer Bair tazed him after he was handcuffed and again while he was lying on the ground, even though he was not offering any resistance. It can be reasonably inferred that Wheeler is alleging Officer Bair tazed him not for any legitimate purpose but because he was angry about their earlier verbal exchange. Taking Wheeler's allegations as true, he has alleged a Fourth Amendment claim against Officer Bair.

Wheeler also names Officer Paturalski as a defendant, but his only involvement was to assist Officer Bair with handcuffing Wheeler, and there is nothing from which it can be plausibly inferred that he used excessive force against Wheeler. Accordingly, he will be dismissed as a defendant.

Additionally, Wheeler names the South Bend Police Department as a defendant. As a procedural matter, municipal police departments are not suable entities under Indiana law and thus cannot be sued under 42 U.S.C. § 1983. *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). Assuming Wheeler could overcome this procedural problem by naming a proper municipal defendant, it is apparent that he is seeking to hold the city liable as Officer Bair's employer. (DE #1 at 6.) However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Nor is there any basis in the complaint from which it can be plausibly inferred that the City of South Bend has an

5

unconstitutional practice or policy, or deliberately fails to train its officers, regarding the constitutional rights of arrestees. *See City of Canton v. Harris* 489 U.S. 378, 388 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 701 (1978). Accordingly, the South Bend Police Department will be dismissed as a defendant.

CONCLUSION

For the reasons set forth above, the Court:

(1) **GRANTS** the Plaintiff leave to proceed against Officer Cori Bair in his individual capacity for compensatory damages for using excessive force in effectuating his arrest in violation of the Fourth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Officer Blake Paturalski and the South Bend Police Department;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Officer Cori Bair; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Cori Bair to respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

DATED: August 31, 2011                /s/ RUDY LOZANO, Judge
                                      United States District Court